S92A1102. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NOS. 1546, 1564, 1666.
(417 SE2d 129)

PER CURIAM.

After having served as secretary to the former judge for 25 years Vivian Hammock was elected, over opposition, as Chief Magistrate of Upson County for two four-year terms commencing in January 1984 and 1988. On April 25, 1990, two individual complaints and a petition containing 115 names were filed with the Judicial Qualifications Commission. Later, two more complaints were filed, and another remains pending.

At a hearing before the Commission in September 1990, respondent stated her intention to hire an assistant to relieve the problems set out in the complaints, which she claims arose as a result of being overburdened. When she failed to answer requests for a progress report, the Commission issued a Notice of Formal Proceedings on April 16, 1991. In response, respondent promised a progress report in 90 days. None was submitted. A formal hearing was set for January 17,

---

1992. Respondent then filed her answer, approximately nine months late.

At the January hearing, six witnesses appeared, focusing not on the original complaints, but on the quality of service she provided and on the problems with the hiring and treatment of a black associate magistrate. Respondent did not want a black associate, but was forced to hire one as a result of a federal suit against Upson County. The associate magistrate's office hours were set from 8:00 p.m. to 8:00 a.m., Monday through Saturday, and he was not given a key to the office, but was forced to work out of the trunk of his car. He largely issued warrants on nights, weekends, and holidays, while the respondent held preliminary and civil hearings during office hours.

The Commission concluded the respondent (1) allowed her personal feelings to control her actions as a judge, and (2) failed to use personnel effectively solely because of their race, (3) resulting in repeated complaints about the operation of her court, and (4) in failure to honor commitments made to the Commission to improve the operation of her court. Finding violations of Canons 2 and 3, the Judicial Qualifications Commission noted that the respondent did not intend to seek reelection at the end of her present term this year, and recommended suspension without pay for 30 days.

While respondent has agreed not to offer for another term, she urges that imposition of a 30-day suspension without pay will serve "no good or worthwhile purpose," except punishment, which will not enhance the reputation of the judiciary. We, however, concur with the Commission in finding her conduct "reprehensible . . . and indefensible from either a moral or legal standpoint," and deserving of punishment. Therefore, we approve and adopt the recommendation of the Commission and order that, effective July 1, 1992, Judge Vivian Hammock be suspended from office without pay for a period of 30 days, during which time she is to remain physically away from her chambers.

*Suspended from office. All the Justices concur.*

SEARS-COLLINS, Justice, concurring.

I too concur with the Commission's finding that the conduct of Chief Magistrate Vivian Hammock was "reprehensible . . . and indefensible from [both] a moral [and] a legal standpoint . . . ." I would just add the following:

No one called upon to judge the citizens of Georgia should ever be allowed to exercise power in such a manner as to scorn and hold up to contempt another because he is of a different race. It is unnatural, arrogant, indecent, unfair, oppressive and repulsive to the American system of justice, and it cannot be tolerated. When a judge, who has sworn to administer justice instead undermines it, she is repudiat-

ing her sworn duty to the citizens of this state and, therefore, ought herself to be repudiated.

DECIDED JUNE 5, 1992.

*Earle B. May, Jr., Robert E. Hall,* for Judicial Qualifications Commission.
*Richard T. Bridges, David B. Dunaway,* for Hammock.